**Lawrence Kemp TENNILLE, II, Petitioner–Appellant,**

v.

**Randy J. DAVIS, Warden, Respondent–Appellee.**

No. 03–5086.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

*ORDER*

Lawrence Kemp Tennille, II, appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pur-

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

suant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Eastern District of Kentucky in 1997, Tennille was convicted of conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base. Tennille was sentenced to life imprisonment. This court affirmed the conviction and sentence on direct appeal. *United States v. Tennille,* No. 97–6245, 2000 WL 191725 (6th Cir. Feb.3, 2000). In addition, Tennille filed a series of applications for habeas corpus relief under 28 U.S.C. §§ 2241 & 2255, all of which were denied.

Most significantly, Tennille filed a § 2241 petition in the district court on October 16, 2002, in which he alleged that his pretrial arrest in Michigan and his subsequent extradition to Kentucky were improper. District Judge Donald dismissed that petition as meritless by her order filed on October 30, 2002. Tennille did not appeal that judgment. Rather, Tennille filed the instant § 2241 petition and memorandum in support on December 10, 2002, in which he again alleged that his pretrial arrest in Michigan and extradition to Kentucky were improper. District Judge McCalla dismissed the petition as meritless, and Tennille filed a timely notice of appeal. On appeal, Tennille contends that his claims are cognizable under § 2241 and that his most recent § 2241 petition is not barred by res judicata. In addition, Tennille has filed a motion for summary reversal.

Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we deny the motion for summary reversal, and affirm the district court's judgment because Tennille cannot establish a claim cognizable under § 2241. First, Tennille alleges that a federal district judge duly issued a warrant for his arrest after he was indicted in the Eastern District of Kentucky. *See* Fed.R.Crim.P. 9(a). Tennille was arrested pursuant to this warrant at his mother's home in Detroit, Michigan, by a Lexington, Kentucky, police officer he acknowledges was deputized to do so by the United States Marshal. *See* 18 U.S.C. § 3053; Fed.R.Crim.P. 4(c)(1), (2) & (3)(A). The following day, Tennille appeared before a federal magistrate judge who informed Tennille of the charge against him and ordered him held pending a transfer hearing. *See* Fed.R.Crim.P. 5(d). Two days later, Tennille appeared with counsel before another federal magistrate and waived his right to a transfer hearing.

Under these circumstances, Tennille's habeas petition was properly dismissed. Tennille was properly arrested and he received all of the rights contemplated under the federal criminal rules before his transfer to the Eastern District of Kentucky for trial. Accordingly, Tennille's petition plainly lacks merit. This court need not reach Tennille's contention on appeal that the instant petition is not barred under the doctrine of res judicata.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.