**Lawrence Kemp TENNILLE, II, Plaintiff–Appellant,**

v.

**Randy J. DAVIS, Warden of FCI— Memphis, Respondent– Appellee.**

No. 03–6464.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2004.

Lawrence Kemp Tennille, II, Memphis, TN, pro se.

Before SILER, BATCHELDER, and ROGERS, Circuit Judges.

*ORDER*

Lawrence Kemp Tennille, II, a federal prisoner proceeding pro se, moves for pauper status in this appeal from a district court order denying his motion for release on bail pending disposition of his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Eastern District of Kentucky in 1997, Tennille was convicted of conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base. Tennille was sentenced to life imprisonment. This court affirmed the conviction and sentence on direct appeal. *United States v. Tennille,* No. 97–6245, 2000 WL 191725 (6th Cir. Feb.3, 2000). In addition, Tennille filed a series of applications for habeas corpus relief under 28 U.S.C. §§ 2241 and 2255, all of which were denied.

Most significantly, Tennille filed a § 2241 petition in the district court on October 16, 2002, in which he alleged that his pretrial arrest in Michigan and his subsequent extradition to Kentucky were improper. The district court dismissed that petition as meritless on October 30, 2002. Tennille did not appeal that judgment. Rather, Tennille filed another § 2241 petition on December 10, 2002, in which he again alleged that his pretrial arrest in Michigan and extradition to Kentucky were improper. The district court dismissed the petition as meritless, and this court affirmed the dismissal on appeal. *Tennille v. Davis,* 73 Fed.Appx. 136 (6th

Cir.2003), *cert. denied,* 540 U.S.1157, 124 S.Ct. 1166, 157 L.Ed.2d 1057 (2004).

On April 30, 2003, during the pendency of the § 2241 appeal, Tennille filed a motion seeking release on bail pending the resolution of his appeal. The district court denied this motion on July 31, 2003, in the order now before the court for review.

The appeal must be dismissed as moot. A federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). The controversy must exist at all stages of review. *Toms v. Allied Bond & Collection Agency, Inc.,* 179 F.3d 103, 105 (4th Cir.1999). "Generally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief." *In re Cantwell,* 639 F.2d 1050, 1053 (3d Cir. 1981).

A review of the record reveals that there is no longer any pending appeal of the denial of Tennille's § 2241 habeas petition. We affirmed the denial of habeas corpus relief on August 8, 2003, and the United States Supreme Court denied certiorari on January 20, 2004. Therefore, the lack of any ongoing appeal of Tennille's § 2241 petition renders the question of bail pending appeal moot.

Accordingly, the motion for pauper status is granted for the limited purpose of this appeal. The appeal is dismissed as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.