**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-6657

BRUNET RENATO ALVAREZ,

Petitioner - Appellant,

versus

JOYCE K. CONLEY, Dr., Warden, FCI Beckley; US
ATTORNEY GENERAL,

Respondents - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CA-02-230)

Submitted:  September 23, 2005      Decided:  October 11, 2005

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Dismissed as moot by unpublished per curiam opinion.

Brunet Renato Alvarez, Appellant Pro Se.  Monica Lynn Dillon, Assistant United States Attorney, Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brunet Renato Alvarez noted an appeal from an order of the district court adopting the report of the magistrate judge and denying Alvarez's 28 U.S.C. § 2241 (2000) petition for habeas corpus relief. Alvarez complained that his indefinite detention by the former Immigration and Naturalization Service was prohibited by the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). It has come to the attention of the court that Alvarez has now been released from detention. The Respondents argue that his appeal is therefore moot.

Since Alvarez's § 2241 petition was based on his claim of illegal detention, and sought only release from that detention, we conclude that his release renders the appeal moot. A federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992). The controversy must exist at all stages of review; on appeal, if the litigant has lost all concrete interest in the case, the appeal is moot and must be dismissed. Toms v. Allied Bond & Collection Agency, Inc., 179 F.3d 103, 105 (4th Cir. 1999). "Generally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief." In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981).

Accordingly, we dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED AS MOOT