**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT TOMS, on behalf of himself
and all others similarly situated,
Plaintiff-Appellant,

v.

ALLIED BOND & COLLECTION
AGENCY, INCORPORATED,
Defendant-Appellee.

No. 98-1942

NATIONAL ASSOCIATION OF CONSUMER
ADVOCATES; TRIAL LAWYERS FOR
PUBLIC JUSTICE; VIRGINIA TRIAL
LAWYERS' ASSOCIATION; VIRGINIA
POVERTY LAW CENTER,
INCORPORATED; AMERICAN CIVIL
LIBERTIES UNION OF VIRGINIA
FOUNDATION,
Amici Curiae.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-96-955-2)

Argued: April 9, 1999

Decided: June 1, 1999

Before WILKINSON, Chief Judge, and WIDENER and KING,
Circuit Judges.

_____

Dismissed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Widener and Judge King joined.

**COUNSEL**

**ARGUED:** Owen Randolph Bragg, HORWITZ, HORWITZ & ASSOC., Chicago, Illinois, for Appellant. Carol Thomas Stone, JORDAN, COYNE & SAVITS, L.L.P., Fairfax, Virginia, for Appellee. **ON BRIEF:** Dale W. Pittman, LAW OFFICES OF DALE W. PITTMAN, Petersburg, Virginia, for Appellant. Jennifer R. Helsel, JORDAN, COYNE & SAVITS, L.L.P., Fairfax, Virginia, for Appellee. David Rubenstein, VIRGINIA POVERTY LAW CENTER, INC., Richmond, Virginia; Patricia Sturdevant, NATIONAL ASSOCIATION OF CONSUMER ADVOCATES, Washington, D.C., for Amici Curiae.

_____

**OPINION**

WILKINSON, Chief Judge:

We face here the appeal of an adverse class certification ruling by a plaintiff who settled his claim with defendants after class certification was denied. Robert Toms filed individual and class claims against Allied Bond & Collection Agency for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. After the district court denied Toms' motion to certify a class, Toms and Allied entered into a settlement. Toms now appeals the denial of class certification. We hold that the settlement extinguished Toms' interest in this litigation. The case is therefore moot, and we dismiss this appeal.

I.

On March 27, 1996, Allied mailed Toms a collection letter for a $42.98 debt Toms owed to his telephone company. As required by the FDCPA, the letter included a "thirty-day validation notice" informing Toms that he had the right to dispute the debt within thirty days after receipt of the notice. See 15 U.S.C. § 1692g.

On April 10, 1996, Allied sent Toms a second letter again seeking to collect the debt. This letter stated that "failure to receive full-

2

payment within the next five (5) days will necessitate further action to enforce collection." A friend paid the debt on Toms' behalf.

Toms then filed a complaint in the United States District Court for the Eastern District of Virginia charging Allied with violating the FDCPA. Toms alleged that the collection agency's five-day warning letter "contradict[ed] and overshadow[ed]" its original thirty-day validation notice and thus violated the notice requirements of the Act. He further claimed that Allied used false representations or deceptive means in its attempt to collect the debt, also in violation of the FDCPA. See 15 U.S.C. § 1692e. Toms sought certification of a class consisting of all other Virginia residents who had received similar letters from Allied in the prior year. The complaint requested declaratory relief, statutory damages, and attorneys' fees.

After a hearing, the district court held that Toms and his attorneys did not satisfy the adequacy requirement for class certification. See Fed. R. Civ. P. 23(a)(4). Examining Toms' contract for legal services, the court determined that Toms would bear no responsibility for litigation expenses if the class were certified. Concerned that this arrangement put no plaintiff in control of the litigation and that it violated local ethics rules, see Virginia Code of Professional Responsibility DR 5-103(B), the district court declined to certify the class.

Toms and Allied then negotiated a settlement of his claims, and the district court entered a final order of dismissal. Toms now appeals the denial of class certification.

II.

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review . . . ." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). On appeal, just as at trial, a party must hold a concrete interest in the litigation to invoke the jurisdiction of the court. If the plaintiff loses that interest, the case becomes moot.

The Supreme Court has recognized two such interests in the class action context. A plaintiff seeking class certification may assert an

3

interest either in his individual substantive claim or in shifting the costs of litigation to the remainder of the class. <u>Deposit Guar. Nat'l Bank v. Roper</u>, 445 U.S. 326, 336-37 (1980).

These interests, however, are not inalienable -- a plaintiff can bargain them away by negotiating a settlement agreement with the defendant. Indeed, four circuits have held that a named plaintiff's unqualified release of claims relinquishes not only his interest in his individual claims but also his interest in class certification. <u>See Dugas v. Trans Union Corp.</u>, 99 F.3d 724, 727-29 (5th Cir. 1996); <u>Walsh v. Ford Motor Co.</u>, 945 F.2d 1188, 1191 (D.C. Cir. 1991); <u>Shores v. Sklar</u>, 885 F.2d 760, 762-64 (11th Cir. 1989) (en banc) (release by consent to judgment); <u>Seidman v. City of Beverly Hills</u>, 785 F.2d 1447, 1448 (9th Cir. 1986) (same). The question in this case, then, is whether Toms released both his interests when he entered into his settlement with Allied.

We hold that he did. The settlement agreement between Toms and Allied is detailed and specific. Allied agreed to pay Toms two thousand dollars -- twice the maximum statutory damages available under the FDCPA. <u>See</u> 15 U.S.C. § 1692k. In consideration for that payment, Toms expressly relinquished "any and all" claims "of any kind or nature whatsoever he may have individually." In addition, Toms released "any and all" monetary claims "including any claims for attorney's fees, costs, or compensation as class representative, he may have as a member/representative of the putative class, which in any way are related to or arise from those matters pleaded" in this litigation.

This two-pronged release tracks Toms' dual interests in this case. With the first prong, Toms released "any and all" of his individual claims against Allied. And with the second, he relinquished in equally broad form "any and all" claims for costs or fees "as a member/representative of the putative class." Since Toms' desire to shift his costs to the uncertified class "relate[s] to" and "arise[s] from" the matters pleaded in this case, this second prong releases Toms' interest in fee shifting. As such, Toms released both of his interests in this case.

Since the settlement agreement extinguishes Toms' entire interest, this case is now moot. Toms contends, however, that the Supreme

4

Court's twin decisions in Roper, 445 U.S. 326, and United States Parole Commission v. Geraghty, 445 U.S. 388 (1980), dictate that he be permitted to pursue this appeal. Neither Roper nor Geraghty, however, permit a plaintiff who has voluntarily released all interest in a case to appeal a denial of class certification. Indeed, the named plaintiffs in each of those cases lost their interests involuntarily. See Dugas, 99 F.3d at 727. In Roper, the district court entered a judgment over the plaintiffs' objections imposing a settlement that those plaintiffs had rejected. Emphasizing the "importan[ce]" of this "factual context," the Supreme Court held that the involuntary settlement of the named plaintiffs' individual claims did not extinguish their interest in class certification. Roper, 445 U.S. at 332-33. And in Geraghty the court expressly reserved the question of whether a named plaintiff who settles his case "may, consistent with Art[icle] III, appeal from the adverse ruling on class certification." 445 U.S. at 404 n.10. Consequently, neither case applies where, as here, the named plaintiff voluntarily relinquishes all of his interests in the action.

Toms also asserts that he may continue to pursue this case because he reserved the right to appeal the class certification ruling in his settlement agreement. Toms argues that other courts have indicated that they might read even broad settlements to preserve plaintiffs' interests in class certification if those settlements included such a reservation. See Dugas, 99 F.3d at 728-29; Walsh, 945 F.2d at 1191-92. The settlement agreement in this case, however, does not lend itself to such an interpretation. As noted, the agreement includes a detailed, specific release of both Toms' individual and his class-based interests. Without an interest in the litigation, no case or controversy remains. And without the anchor of an underlying case or controversy, any attempted reservation of Toms' right to appeal is simply without effect. To the extent the agreement reserves the right to appeal "for the putative class," no other member of that class has stepped forward to invoke that right.

Toms contends that dismissing his appeal will permit defendants to "buy off" named plaintiffs and thus prevent class actions from going forward. The Supreme Court recognized this concern in Roper -- where, as noted, the plaintiffs had not given up their entire interest in the litigation. See 445 U.S. at 339-40. Yet fear of buyoffs cannot lead us to refuse to respect the customary processes of settlement when the

5

results of those processes are clear. Here, Allied bargained to achieve surcease in this litigation. Toms wished to secure for his claim what he thought it was worth. And the resulting bargain extinguished Toms' entire interest in this case. The salutary effect of the settlement process is to resolve cases and controversies. Courts are not at liberty to perpetuate such controversies when, by virtue of settlement, they no longer exist.

III.

No party can create jurisdiction merely by agreement; the Constitution vests authority in the courts only where a concrete interest is present. In negotiating a settlement with Allied, Toms received consideration for and released his entire interest in this litigation. His personal stake has been extinguished, and no other plaintiff has stepped forward to pursue the class claim. "[F]ederal courts do not sit simply to bestow vindication in a vacuum." Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986). As this action no longer presents a case or controversy, it must be

DISMISSED.

6