UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID WAYNE BOYCE,
              *Plaintiff-Appellant,*

v.

RONALD J. ANGELONE, Director,
Virginia Department of Corrections;
DAVID A. GARRAGHTY, Chief
Warden, Virginia Department of
Corrections; M. C. MILLARD,
Associate Warden, Virginia
Department of Corrections,
              *Defendants-Appellees.*

No. 00-7467

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-97-798)

Submitted: February 28, 2002

Decided: April 12, 2002

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

David Wayne Boyce, Appellant Pro Se. Christopher Garrett Hill,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Wayne Boyce appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint alleging Free Exercise and Equal Protection Clause violations stemming from a requirement by the Greensville Correctional Center that inmates prove actual Native American heritage in order to possess items of Native American spirituality. During the pendency of the appeal, the Virginia Department of Corrections issued revised inmate religious property regulations and implemented them effective September 1, 2001. The revised regulations, in explicit terms, do not condition an inmate's access to religious items on proof of religious heritage. Because these department-wide regulations satisfy the declaratory and injunctive relief requested by Boyce and he does not allege an on-going violation, we dismiss the appeal as moot. *See Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir. 1999) (holding that plaintiff must have concrete interest in litigation while case is on appeal or appeal may be dismissed as moot). We deny Boyce's requests for costs associated with filing the complaint and appeal because he does not qualify for such under either Fed. R. Civ. P. 54(d) or Fed. R. App. P. 38. We deny Boyce's motions for summary judgment and appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*