# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3485

_____

Judith M. Potter; Jeffrey Schedler,   *
individually and on behalf of all   *
others similarly situated,   *
  *
    Appellants,   *
  *   Appeal from the United States
   v.   *   District Court for the
  *   District of Minnesota.
Norwest Mortgage, Inc.; Valuation   *
Information Technologies, L.L.C.,   *
  *
    Appellees.   *

_____

Submitted: October 10, 2002
Filed: May 23, 2003

_____

Before RILEY, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Judith Potter and Jeffrey Schedler (collectively Potter), individually and on behalf of all others similar situated, brought an action against Norwest Mortgage, Inc. and Valuation Information Technologies, L.L.C. (collectively Norwest) alleging certain charges imposed by Norwest amounted to unearned fees or kickbacks in violation of the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601, et seq. After initiating the litigation, Potter requested certification of a class

of all persons who paid more for a residential appraisal than Norwest actually paid the appraiser. The district court[1] denied Potter's request. Potter and Norwest subsequently entered into a settlement agreement. Potter now appeals the district court's denial of class certification. Because Potter failed to establish a continuing personal stake in the litigation, we dismiss the appeal as moot.

## I. BACKGROUND

Potter brought this suit alleging Norwest charged fees for closing two Minnesota real estate transactions in violation of RESPA, as well as various state laws, which prohibit kickbacks and unearned fees. Potter requested a class certification of "[a]ll persons who paid more for a residential appraisal than [Norwest] paid the third party, licensed fee appraiser who provided the appraisal report." The district court denied class certification, finding common questions of law and fact did not predominate over individual issues of law and fact. A year later, the district court granted summary judgment to Norwest on Potter's claims that fees charged by Norwest were kickbacks prohibited by RESPA and by related state laws.

Shortly before trial on the remaining issues, Potter and Norwest entered into a settlement agreement.[2] Since Potter's individual claims alleged overcharges of only $125 and $100, the parties wanted to present the certification order to the Court of Appeals without further expending their resources or the district court's. After researching the appealability of the certification order, and after communicating their plan to the district court, Potter and Norwest advised the district court they had reached a partial settlement. The settlement agreement, as represented, contains four

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]The parties did not provide the court with a copy of the settlement agreement. The provisions of the settlement agreement discussed hereafter are based on oral representations made by Potter and Norwest at the settlement hearing.

provisions pertinent to this appeal. First, the agreement fully releases Norwest from Potter's individual RESPA and state law claims. Second, the agreement purports to reserve Potter's right to appeal the district court order denying class certification. Third, Norwest agreed not to contest this appeal as moot. Fourth, the parties agreed they did not waive their rights to recover attorney fees. After the settlement hearing, the district court dismissed Potter's claims with prejudice.

Potter appeals the district court's order denying class certification. At oral argument, we inquired whether the parties' settlement agreement caused the appeal to become moot because a case or controversy no longer existed under Article III of the Constitution. U.S. Const. Art. III, § 2, cl. 1. As counsel were not prepared at oral argument to discuss fully the jurisdictional issue, we requested supplemental briefing.

## II.   DISCUSSION
### A.    Case or Controversy Requirements

Whether Potter, having settled the individual claims, presents a continuing Article III case or controversy to challenge a denial of class certification presents an issue of first impression for this court. The jurisdictional issue illustrates the tension between the restrictions imposed by Article III on the federal judiciary and the judicial efficiency sought by the class-action mechanism.

Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies. Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Preiser v. Newkirk, 422 U.S. 395, 401(1975). The case or controversy requirement ensures that "self-interested parties vigorously advocating opposing positions" present issues "in a concrete factual setting." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 403 (1980). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v.

Cont'l Bank Corp., 494 U.S. 472, 477 (1990). When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action. See Minn. Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999).

Article III requires parties to have a continuing "personal stake in the outcome" of the lawsuit. Baker v.Carr, 369 U.S. 186, 204 (1962). This "personal stake" requirement "serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving." Geraghty, 445 U.S. at 397. Parties cannot by agreement confer jurisdiction upon a federal court. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996). Thus, neither Norwest's promise not to challenge Potter's appeal as moot nor the settlement agreement's provision reserving Potter's right to appeal confer jurisdiction upon this court.

Applying the above principles to settlements and class actions yields two relevant rules, one general and one specific. First, a federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class. See Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1045 (5th Cir. 1981) ("a suit brought as a class action must as a general rule be dismissed as moot when the personal claims for the named plaintiffs are satisfied, and no class has properly been certified"). Second, a named plaintiff can appeal a denial of class certification after its individual claim has been satisfied, if the named plaintiff has a continuing personal stake in the outcome. Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 332-40 (1980). This opinion addresses the second rule.

### B.     Supreme Court Precedent

The Supreme Court has addressed a named plaintiff's personal stake in an appeal of a district court's denial of class certification in two cases. See Geraghty,

445 U.S. at 390-409; Roper, 445 U.S. at 327-340. Geraghty challenged the validity of the parole guidelines, but his individual claim became moot when he was subsequently released from prison before he could appeal the district court's denial of class certification. The Court held a prisoner could appeal the district court's denial to certify a class, notwithstanding the prisoner's individual claim had expired. Geraghty, 445 U.S. at 404. The Supreme Court concluded the purpose of the personal stake requirement–the assurance of "sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions"–exists when a named plaintiff's claims expire after a denial of class certification. Id. at 403. The Court specifically limited its opinion by reserving for future consideration whether a plaintiff had a personal stake in the appeal of a denial of class certification when a plaintiff settled its individual claims: "We intimate no view as to whether a named plaintiff who settles the individual claim after denial of class certification may, consistent with Art. III, appeal from the adverse ruling on class certification." Id. at 404 n.10.

In Roper, after the Fifth Circuit denied Roper's interlocutory appeal of a class certification, the bank tendered the full amount of the plaintiffs' claims in an offer to confess judgment. The plaintiffs rejected the offer. Based on the bank's offer, and over Roper's objections, the district court entered judgment against the bank and dismissed the action. Roper appealed the adverse certification ruling to the Fifth Circuit. On appeal, the bank argued the entry of judgment mooted the appeal. The Fifth Circuit rejected the bank's argument and reversed the class certification ruling. The Supreme Court granted a writ of certiorari to consider the question of mootness. Roper, 445 U.S. at 331. The Court concluded "the District Court's entry of judgment in favor of named plaintiffs over their objections did not moot their private case or controversy, and that respondents' *individual* interest in the litigation–as distinguished from whatever may be their representative responsibilities to the putative class–is sufficient to permit their appeal of the adverse certification ruling." Id. at 340 (footnote omitted). The Court feared "[r]equiring multiple plaintiffs to

bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions" and "would invite waste of judicial resources." Id. at 339. The Court also noted permitting an appeal may minimize forum shopping. Id. at 339-40.

Roper and Geraghty are distinguishable from this appeal. In Roper, as well as in Geraghty, the named plaintiffs' substantive claims became moot involuntarily. Roper's claim became moot after the district court entered judgment in Roper's favor when the defendant tendered the full amount of Roper's claim. Roper, 445 U.S. at 329-30. Geraghty's claim became moot after he was released from prison. Geraghty, 445 U.S. at 394. Conversely, Potter's claims were voluntarily relinquished upon entering into a settlement agreement with Norwest.

Roper is also distinguishable from this appeal because a policy consideration underlying the Court's decision–preventing defendants from "picking off" named plaintiffs to avoid appellate review of a denial of class certification–does not apply here. Potter entered into the settlement agreement voluntarily and without coercion. Additionally, Norwest agreed Potter reserved the right to appeal the class certification denial and further agreed not to contest the appeal as moot. Norwest clearly did not intend to "pick off" Potter's claims to escape appellate review.

## C.    Circuit Court Precedent

Several sister circuits have addressed the issue of whether named plaintiffs who reach a settlement after a district court denies class certification may appeal an adverse certification ruling. The Eleventh Circuit has permitted a plaintiff to appeal denial of class certification when the action was still "live" and the party retained a legally cognizable interest in the litigation. See Love v. Turlington, 733 F.2d 1562, 1565 (11th Cir. 1984). In Love, after the district court denied class certification, the plaintiff settled her individual claim. The defendants agreed not to contest the

appealability of the certification order. "Finding no meaningful distinction between the settlement of the claim here at issue and the expiration of the claim in Geraghty," the Eleventh Circuit held the class certification issue presented a "dispute capable of judicial resolution." Id. at 1565.

The District of Columbia Circuit has concluded that a settling plaintiff who releases a defendant from "any and all" claims, without expressly reserving the right to appeal a denial of class certification, does not possess a personal stake in the litigation to provide Article III standing. Walsh v. Ford Motor Co., 945 F.2d 1188, 1189 (D.C. Cir. 1991). In Walsh, a named plaintiff negotiated a settlement agreement with Ford Motor Company in which he "released 'any and all . . . claims . . . whatsoever . . . against Ford.'" Id. After Walsh entered the settlement agreement, the district court denied the motion for class certification. Finding "the settlement agreement relinquished 'any and all' of Walsh's claims against Ford–including the claim to represent the class," the court concluded Walsh could not appeal the district court's denial of class certification. Id. at 1192.

More recently, the Fourth Circuit has ruled that a named plaintiff's ability to appeal an adverse certification ruling after settlement turns on whether the plaintiff retains an interest in the litigation. Toms v. Allied Bond & Collection Agency, Inc., 179 F.3d 103, 106 (4th Cir. 1999). The court explained "[a] plaintiff seeking class certification may assert an interest in his individual substantive claim or in shifting the costs of litigation to the remainder of the class." Id. at 105 (citing Roper, 445 U.S. at 336-37). A plaintiff can contract away these interests through a settlement agreement with the opposing party. Id. In Toms, the plaintiff's settlement agreement "expressly relinquished 'any and all' claims 'of any kind or nature whatsoever he may have individually' [and] 'any and all' monetary claims . . . he may have as a member/representative of the putative class." Id. at 105-06. The Fourth Circuit determined a settlement agreement that specifically releases both individual and class-based interests extinguishes a party's interest in the litigation notwithstanding

an express reservation of a right to appeal the adverse certification ruling. Id. at 106. The court concluded Toms's reservation of rights was without legal effect absent a continuing interest in the litigation. Id.

After reviewing these cases, we adopt the Fourth Circuit's reasoning and conclude a party must retain a continuing interest in the litigation in order to appeal a denial of class certification. The Fourth Circuit's analysis conforms closely to Article III's case or controversy requirement by ensuring the plaintiff has a personal stake in the appeal to provide "sharply presented issues in a concrete factual setting." See Geraghty, 445 U.S. at 403. Additionally, the Fourth Circuit's analysis protects a fundamental Article III principle–parties may not by agreement confer jurisdiction upon the federal judiciary.[3]

### D.    Potter's Interest

Because the settlement agreement released Norwest from all of Potter's claims, Potter has no surviving individual claims. Thus, we need only address whether Potter retains an interest in shifting costs and attorney fees to the putative class members.

During the settlement hearing, Potter and Norwest orally outlined, with little elaboration, the provisions of the settlement agreement. Potter and Norwest both claimed they were not waiving their right to petition the district court for attorney fees. However, the record on appeal is not clear on the extent to which Potter reserved the right to recover attorney fees.

---

[3]This principle would not be protected if the parties could preserve appellate review of the district court's denial of class certification by including a clause in their settlement agreement stating "plaintiff reserves the right to appeal the district court's denial of class certification to the Eighth Circuit Court of Appeals." By allowing such a clause to preserve appellate review, the parties would confer jurisdiction upon this court without the named plaintiff establishing a personal stake in the appeal.

The parties never submitted the settlement agreement to the district court, as promised. In the order dismissing Potter's claims with prejudice, the district court reported:

> Counsel further stated that they would draft and execute formal settlement documents to memorialize the agreement and would present a stipulation of dismissal with prejudice to the Court for signature. Counsel represented that the documents would be prepared within "a few days." Although the Court has made inquiries over the last three weeks regarding the status of the settlement documents and stipulation, it has received nothing from the parties.

Norwest and Potter also did not include a copy of their settlement agreement in the record on appeal. Potter and Norwest only submitted the settlement hearing transcript as evidence of the terms of the settlement agreement. In the settlement hearing transcript, Potter's counsel mentioned Potter could seek attorney fees under RESPA or Rule 23, but Norwest's attorney mentioned attorney fees only under RESPA.

Without the benefit of examining the settlement agreement, or at least a detailed stipulation on the terms of the attorney fees provision, we decline to speculate on the extent to which Potter reserved the right to recover attorney fees. Because Potter failed to establish a clear interest in attorney fees, we cannot conclude Potter possesses a continuing personal stake in the litigation. Absent a continuing personal stake in the litigation, Potter fails to satisfy the case or controversy requirement of Article III.

## III. CONCLUSION

For the forgoing reasons, Potter's appeal of the district court's denial of class certification is moot. This appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS,  EIGHTH CIRCUIT.