# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3945

_____

Elliott A. Anderson, a retiree of Case        *
Corporation on January 1, 1993; on            *
behalf of themselves and a similarly          *
situated class.; William W. Hightower,        *
a retiree of Case Corporation on August       *
1, 1992; on behalf of themselves and a        *
similarly situated class.; Clarence M.        *
Cole, a retiree of Case Corporation on        *
February 1, 1992; on behalf of                *
themselves and a similarly situated           *
class.; William E. Brown, a retiree of        *
Case Corporation on February 1, 1992,         *   Appeal from the United States
on behalf of themselves and a                 *   District Court for the
similarly situated class.; James Boldt, a     *   Southern District of Iowa.
retiree of Case Corporation on October        *
1, 2002; on behalf of themselves and a        *
similarly situated class.; John Wolter, a     *
retiree of Case Corporation on January        *
1, 2000; on behalf of themselves and a        *
similarly situated class.; William Stice,     *
Jr., a retiree of Case Corporation on         *
April 1, 2000; on behalf of themselves        *
and a similarly situated class,               *
                                              *
                Appellants,                   *
                                              *
        v.                                    *
                                              *
CNH U.S. Pension Plan, now known              *
as CNH Global N.V., an employee               *
pension benefits plan within the              *
meaning of Section 3(2)(A) of ERISA,          *

29 U.S.C. Section 1002 (2)(A), with    *
offices in the city of Racine, Wisconsin   *
of Case Corporation.; Pactiv Retirement *
Plan, now known as CNH Global N.V.,   *
an employee pension benefit plan      *
within the meaning of Section 3(2)(A)   *
of ERISA, 29 U.S.C., Section 1002 (2)   *
(A), with offices in the city of        *
Lincolnshire, Illinois of Case        *
Corporation,                   *
                                  *
       Appellees.           *

_____

Submitted:  September 28, 2007
Filed:  February 7, 2008

_____

Before COLLOTON, ARNOLD, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This is a putative class action brought by several retirees of Case Corporation against two entities that administer the company's pension and retirement plans. The district court denied the plaintiffs' motion for class certification on June 30, 2006. The defendants and the named plaintiffs reached a settlement agreement shortly thereafter. The plaintiffs now appeal the district court's denial of class certification. We conclude that the case is moot, and that the appeal should be dismissed.

## I.

The plaintiffs are five retirees of Case Corporation and the estate of a deceased retiree. They brought suit on behalf of themselves and similarly situated retirees, alleging that defendants CNH U.S. Pension Plan ("CNH") and Pactiv Retirement Plan ("Pactiv") had violated the terms of the retirees' pension plan by failing to make certain payments the month after each retiree turned 62 years old. Plaintiffs pointed to Section 3.3 of the plan, which reads as follows:

> 3.3. <u>Special Payment of Supplemental Allowance</u>. The supplemental allowance referred to in Sections 3.1 and 3.2 shall be payable for one month beyond age 62 for retirees . . . whose Old Age Pension under the Federal Social Security Act is delayed by one month beyond age 62 pursuant to the provisions of said Act.

After the complaint was filed, the defendants conceded that they had mistakenly violated this provision, and agreed to tender the missed payment (plus interest) to both the named and unnamed members of the putative class. By the time the plaintiffs had filed their motion for class certification, the parties had entered into settlement negotiations. Pactiv then began making payments to retirees covered by the plan.

Although the plaintiffs accepted the payments, they challenged the accuracy of the amounts. For example, Plaintiff Elliott Anderson submitted a declaration claiming that his restitution payment was some $300 less than his normal monthly payments under the plan. It was later discovered that Anderson was referring to a $350 "special voluntary supplement" that had been paid out monthly with the section 3.3 supplemental allowance, but was due pursuant to a different part of the plan, section B1.4(b)(1)(c). The special voluntary supplement, like the supplemental allowance, was supposed to be paid to qualifying retirees up through the month after each retiree's 62nd birthday. Although neither the special voluntary supplement nor the relevant provision of the pension plan was raised in the complaint, Pactiv

acknowledged the error, and began paying the special voluntary supplement along with the supplemental allowance. Separate checks were mailed to those retirees who had received the supplemental allowance but not the special voluntary supplement.

By the time the district court ruled on the plaintiffs' motion for class certification, Pactiv had paid the supplemental allowance and interest to all of the named plaintiffs, and paid the special voluntary supplement and interest to all but one of the qualifying named plaintiffs. Pactiv also had paid most of the putative class members in full. Defendant CNH had expressed an intention to make payments, but had not done so at the time of the court's order denying class certification.

Taking both the past and planned payments into consideration, the district court denied the plaintiffs' motion, concluding that class certification was "unnecessary and inappropriate at this time." The court reasoned that it was likely that all retirees had received the supplemental allowance or would soon receive the allowance. The court thought that if the named plaintiffs had been offered the missing payments, but other retirees had not, then the claims of the named plaintiffs would not be typical of the other class members, and the plaintiffs would not be adequate class representatives. After directing the defendants to file a complete report of payments by March 13, 2006, the court denied the plaintiffs' motion without prejudice, allowing for renewal of the motion on or before April 3, 2006.

The defendants made additional payments and submitted detailed records of all payments made by the deadline of March 13. Although the plaintiffs missed the April 3 deadline to renew their motion for class certification, the court allowed the plaintiffs to renew the motion on May 12, 2006. On June 30, 2006, the district court again denied the plaintiffs' motion for class certification, this time with prejudice. The court cited its January 19 order and concluded that "defendants' reports of payments show that defendants have now attempted in good faith to pay all retirees any Supplemental Allowance benefits they have been owed."

-4-

The parties reached a settlement agreement in October 2006 that allowed the district court to enter final judgment. The agreed final judgment explained that all individual benefits sought by the named plaintiffs pursuant to the complaint had been paid, with interest, and dismissed the complaint with prejudice. The judgment awarded thirty thousand dollars in attorneys' fees from the defendants to the plaintiffs, stating that this amount resolved all claims for fees and costs in the proceedings in the district court as of the date of the judgment. The judgment provided that the plaintiffs could move in the district court for additional attorneys' fees and costs if the orders denying class certification were reversed on appeal, and said that nothing in the judgment "precludes Plaintiffs' right to appeal" the orders denying certification of the class.

II.

We first consider whether we have jurisdiction over this appeal. Defendants contend that there is no pending case or controversy within the meaning of Article III of the Constitution. We conclude that the plaintiffs have no remaining personal stake in the litigation, and that the appeal must be dismissed as moot.

In general, a plaintiff's claim becomes moot at the time he no longer has "a legally cognizable interest in the outcome" – that is, when he no longer has a personal stake in the claim. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted). In a class action, dismissal on mootness grounds normally is required when the named plaintiffs' claims become moot prior to a decision on class certification. *Hechenberger v. W. Elec. Co.*, 742 F.2d 453, 455 (8th Cir. 1984); *Inmates of Lincoln Intake and Det. Facility v. Boosalis*, 705 F.2d 1021, 1023 (8th Cir. 1983). In this case, it is likely that all claims against Pactiv were moot before the district court even ruled on class certification. Plaintiffs Anderson, Hightower, Wolter, and Cole received and accepted payment from Pactiv for the disputed supplemental allowance, plus interest, well before the district court ruled on

the class certification motion. Plaintiff William Brown also received his supplemental allowance, plus interest, several months prior to the district court's ruling. As a result, the individual claims against Pactiv were satisfied, and the named plaintiffs lost any continuing interest in the litigation.

Plaintiffs argue that Brown's claim was not moot, because he did not receive his special voluntary supplement until nearly two months after the decision on class certification. The special voluntary supplement, however, is due pursuant to a different section of the retirement plan than the special allowance, and the complaint made no allegation regarding failure of Pactiv to pay the special voluntary supplement. Although Pactiv presented information to the district court regarding the special voluntary supplement, Pactiv did so while asserting that the special voluntary supplement was not part of the case, (J.A. 216), and the district court's rulings focused only on payments of the supplemental allowance. (J.A. 191, 423-24). Accordingly, we do not believe that Pactiv impliedly consented to trying any claims concerning the special voluntary supplement in this case. *Cf. Excalibur Group, Inc. v. City of Minneapolis*, 116 F.3d 1216, 1223 n.5 (8th Cir. 1997).

Notwithstanding full payment to the named plaintiffs before a decision on certification, the decision on certification may be deemed to "relate back" to the filing of the complaint in limited circumstances, when the underlying merits of any given plaintiff's case would "evade review" by a declaration of mootness. *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *Hechenberger*, 742 F.2d at 455. There is nothing in this case, however, that would preclude any retiree from bringing an action against Pactiv if for some reason Pactiv failed to make full payment of the special allowance and interest due to the retiree. Therefore, because the claims of all named plaintiffs against Pactiv were satisfied before the district court's ruling on class certification, and there is no showing that any future claims by retirees would evade review, it appears that the case against Pactiv should have been dismissed by the district court. *See Hechenberger*, 742 F.2d at 455.

In any event, the voluntary settlement reached by the named plaintiffs with both defendants leads us to conclude that the entire case is now moot. The Supreme Court has held that where judgment is entered in favor of named plaintiffs over their objection, *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 340 (1980), or where a named plaintiff's claim "expires" while an appeal is pending, *Geraghty*, 445 U.S. at 404, the named plaintiffs continue to have sufficient "personal stake" in the question of class certification to avoid mootness. The Court declined to address, however, whether named plaintiffs who voluntarily settle their individual claims after denial of class certification may, consistent with Article III, appeal from the adverse ruling on class certification. *Id.* at 404 n.10.

Since *Geraghty*, our court has held that a named plaintiff who settles his individual claims must retain a "continuing interest in the litigation" in order to appeal a denial of class certification. *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 613-14 (8th Cir. 2003). We emphasized that a stipulation in a settlement agreement, by which a plaintiff reserves the right to appeal the denial of certification, is not sufficient in and of itself to satisfy Article III. *Id.* at 614 n.3. Rather, we said that when individual claims are fully satisfied, the court of appeals, in determining whether a case or controversy remains, "need only address whether [the plaintiff] retains an interest in shifting costs and attorney fees to the putative class members." *Id.* at 614. *But cf. Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1246-47 (11th Cir. 2003) (per curiam) (holding that a named plaintiff's appeal was not moot, despite the absence of any "economic interest" in shifting costs or attorneys' fees, because the plaintiff had a personal stake in pursuing his "procedural right" to represent a class).

Here, applying *Potter*, we see no continuing interest of the plaintiffs in shifting costs and attorneys' fees to putative class members. The stipulated judgment provides that the plaintiffs received 100 percent of the benefits sought in this lawsuit – that is, the supplemental allowance plus interest. The defendants agreed to pay a separate amount, above and beyond the amounts due to the named plaintiffs, to cover

attorneys' fees, and it was agreed that this amount resolved all claims for fees to that point of the litigation. While the judgment did provide that plaintiffs could move for additional attorneys' fees in the district court if the ruling on class certification were reversed, any additional award of fees would not shift the responsibility for fees from the named plaintiffs to putative class members. An additional award of fees from the defendants would accrue to the benefit of plaintiffs' counsel, to be sure, but nothing in the record demonstrates that an additional award would relieve any burden presently borne by the named plaintiffs themselves. Accordingly, as in *Potter*, we conclude that the named plaintiffs lack a personal stake in the litigation sufficient to satisfy the case or controversy requirement of Article III. For these reasons, the appeal is dismissed as moot.

_____