NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGE HAITAYAN; JASPREET
DHILLON; ROBERT ELKINS;
MANINDER LOBANA, individually, and
on behalf of others similarly situated,

          Plaintiffs-Appellants,

  v.

7-ELEVEN, INC., a Texas corporation,

          Defendant-Appellee.

No.   18-55462

D.C. No.
2:17-cv-07454-JFW-JPR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

SERGE HAITAYAN; JASPREET
DHILLON; ROBERT ELKINS;
MANINDER LOBANA,

          Plaintiffs-Appellants,

  v.

7-ELEVEN, INC., a Texas corporation,

          Defendant-Appellee.

No.   18-55910
        18-56346

D.C. No.
2:18-cv-05465-DSF-AS

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 13, 2019
Pasadena, California

Before: FISHER, CALLAHAN and OWENS, Circuit Judges.

In No. 18-55462 (*Haitayan I*), plaintiff-franchisees appeal the district court's grant of judgment on the pleadings on their claims that franchisor 7-Eleven misclassified them as independent contractors rather than employees in violation of the Fair Labor Standards Act and the California Labor Code. In Nos. 18-55910 and 18-56346 (*Haitayan II*), the plaintiffs appeal the order of the district court denying their motion for a preliminary injunction and corrective notice regarding 7-Eleven's distribution of a franchise renewal agreement requiring franchisees to release their wage-and-hour claims in *Haitayan I*. We vacate and remand in both appeals.

## A. *Haitayan I*

1. We vacate the judgment on the pleadings. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). In addressing the adequacy of the plaintiffs' federal and state law claims, the court erred in two respects. First, it considered the persuasiveness of the plaintiffs' factual allegations rather than the plausibility of the plaintiffs' legal claims. This was error. *See Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004) (stating that we must "accept all factual allegations in the

2

complaint as true and construe them in the light most favorable to [the non-moving party]" (citation omitted) (alteration in original)). Second, the court focused on the franchise agreement but did not consider the plaintiffs' allegations regarding 7-Eleven's actual control. This too was error. *See Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Ct. App. 2007) (in conducting a misclassification analysis, "[t]he parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship"); *see also Real v. Driscoll Strawberry Assocs. Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA."). Accordingly, we vacate the district court's judgment on the pleadings without prejudice to 7-Eleven seeking judgment as a matter of law at a later stage in the proceedings.

2. Following the district court's entry of judgment, the California Supreme Court decided *Dynamex Operations West, Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018). We leave it to the district court in the first instance to address the extent to which *Dynamex* applies to the plaintiffs' claims, including the parties' contentions regarding retroactive application of *Dynamex*. In addition, the district court is advised that this court is currently considering the application of *Dynamex* to franchisees in *Vazquez v. Jan-Pro Franchising Int'l Inc.*, No. 17-16096, argued December 18, 2018. To the extent appropriate, proceedings in the district court

3

may be stayed pending this court's decision in *Vazquez*.

3.      Because we vacate the underlying judgment, we need not address the district court's taxation of costs.  Because we can consider Massachusetts and California state court decisions without taking judicial notice, we deny the plaintiffs' motions for judicial notice.  *See* No. 18-55462, Dkts. 12, 28.

## B.  *Haitayan II*

1.      We also vacate the denial of preliminary injunctive relief and corrective notice.  *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 468 (9th Cir. 2010).  Under California law, an employee may not waive a wage-and-hour claim by contract.  *See* Cal. Labor Code §§ 206.5, 2804.  This rule is relevant to the preliminary injunction factors at issue here, including the likelihood of success on the merits, irreparable harm and the balance of equities.  The district court, however, did not consider this California rule.  We therefore vacate the denial of relief and remand for reconsideration.  We are concerned that the plaintiffs' request for relief is time sensitive.  Franchisees are required to sign the challenged waivers in April 2019.  We therefore urge the district court to address the plaintiffs' requests for relief on an expedited basis.

2.      Because they may arise on remand, we also provide guidance to the district court on several of the other issues raised on appeal.  *See United States v. Hernandez-Vasquez*, 513 F.3d 908, 917 (9th Cir. 2008).

4

In addressing the likelihood of success on the merits, the district court relied on *Ahussain v. GNC Franchising, LLC*, 2008 WL 11336812 (C.D. Cal. Mar. 19, 2008). The plaintiffs contend this reliance was unwarranted. We agree. *Ahussain* applies to general releases in franchise renewal agreements, but it does not address California's prohibition on the contractual waiver of the plaintiffs' claims. The district court should bear this distinction in mind on remand.

We reject 7-Eleven's suggestion that the waiver is permissible as a settlement. Labor claims may be settled only by release and payment, which has not occurred here. *See Watkins v. Wachovia Corp.*, 92 Cal. Rptr. 3d 409, 417 (Ct. App. 2009).

We also reject 7-Eleven's contention that the plaintiffs are contractually obligated to sign the general release because the franchise agreements they signed in 2004 said a general release would be required for renewal. 7-Eleven has not shown that this provision negates California's prohibition on contractual waiver of wage-and-hour claims.

b.    *Irreparable Harm*

Although putative class members must sign the waiver to protect their livelihoods, it is not clear how 7-Eleven will proceed once they sign. The district court correctly noted that if class members are ultimately found to be employees,

5

the waiver will likely be deemed unconscionable and unenforceable. If they are ultimately found to be independent contractors, however, 7-Eleven may attempt to hold them in breach of contract for participating in *Haitayan I*. These uncertainties place franchisees in a difficult position. If they do not sign the waiver, they may forfeit their livelihoods. If they sign the waiver, they may have to choose between (1) participating in *Haitayan I* (as parties or witnesses), thereby risking civil liability for breach of contract, or (2) foregoing their right to participate in *Haitayan I*. This uncertainty imposes immediate and irreparable harm by deterring franchisees from participating in the case. This harm warrants consideration on remand.

### c.    *Balance of the Equities*

With regard to the balance of the equities, the district court focused on the public interest in enforcing valid contracts but did not consider California's interest in allowing colorable wage-and-hour claims to proceed. The plaintiffs argue that the court should have done so, and we agree. The public interest here is substantial. *See Dynamex*, 416 P.3d at 5 ("[T]he misclassification of workers as independent contractors rather than employees is a very serious problem, depriving federal and state governments of billions of dollars in tax revenue and millions of workers of the labor law protections to which they are entitled."). In balancing the equities, the district court should also consider the parties' relative size and

6

strength.  *See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th Cir. 1993).

## C.  Consolidation

To serve the interest of judicial efficiency, and for the convenience of the parties, we encourage the district court to consolidate these two cases before a single district judge.[1]

## D.  Conclusion

In No. 18-55462, the appellants' motions for judicial notice, filed October 1, 2018 (Dkt. 12), and December 21, 2018 (Dkt. 28), are **DENIED.**

In No. 18-55462, the judgment is vacated and the case is remanded.  In Nos. 18-55910 and 18-56346, the order of the district court is vacated and the case is remanded.

In Nos. 18-55462, 18-55910 and 18-56346, costs of appeal are awarded to the plaintiffs.

In Nos. 18-55462, 18-55910 and 18-56346, no petitions for rehearing will be entertained and the mandates shall issue forthwith.  *See* Fed. R. App. P. 2.

**VACATED AND REMANDED.**

---

[1] At oral argument, both parties agreed consolidation would be appropriate.