Filed 9/19/24  Luscutoff, Lendormy & Associates v. Leclair CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LUSCUTOFF, LENDORMY & ASSOCIATES et al., <br><br>     Plaintiffs, Cross-defendants and Respondents, <br><br> v. <br><br> VIRGINIE LECLAIR, <br><br>     Defendant, Cross-complainant and Appellant. | A166950 <br><br> (San Francisco County Super. Ct. No. CGC19576483) |

Appellant Virginie Leclair was sued by her former attorneys in connection with their representation of her in an underlying personal injury case, and she cross-claimed against them.  She now appeals a judgment and amended judgment entered pursuant to Code of Civil Procedure section 664.6 (section 664.6) after a settlement.  For the following reasons, we will dismiss her appeal because it is moot.

## BACKGROUND

Following a tragic tour bus accident in Monterey County involving about forty French tourists, including Leclair and her domestic partner, Olivier Auffret, the surviving passengers and the estates of those who died retained personal injury attorney Jean-Yves Lendormy and his law firm,

1

Luscutoff, Lendormy & Associates (collectively, the "law firm"), to represent them. Eight years of litigation ensued, eventually settling for approximately $15 million. The law firm then brought this action against Leclair and Auffret, contending they had inadvertently been overpaid a share of the settlement proceeds (Leclair, allegedly by $23,464 and Auffret, allegedly by $118,706); it sought recovery of the overpayments, and asserted ancillary claims. Leclair and Auffret cross-claimed against the law firm, alleging improprieties in connection with the representation, including ethical violations, billing errors, statutory violations and underpayment of their share of the settlement proceeds. They asserted claims for an accounting, "disgorgement of fees and compensation received," and conversion, seeking $1.3 million in damages plus punitive damages.

The trial court granted summary judgment for the law firm on the cross-complaint, ruling that the cross-claims were barred by the statute of limitations.

The law firm's claims against Leclair and Auffret then proceeded to a bench trial. In the midst of trial, the parties were ordered to a mandatory settlement conference before the Honorable Kathleen Kelly. After several rounds of settlement conferences, the law firm stated in open court at a status conference on August 26, 2022, that it was accepting the defendants' latest settlement offer. About a month later, it then brought a motion pursuant to section 664.6 to enforce the settlement and for entry of judgment, which was heard by the settlement judge and granted.

Leclair and Auffret opposed the motion. The principal dispute was whether they had agreed to give up their rights to appeal the adverse rulings on their cross-claims. In opposing the motion, they asserted the settlement wasn't enforceable because, among other reasons, there had been no meeting

2

of the minds and it was "unclear exactly what portion of 'this case' Mr. Lendormy was proposing to settle in his 'unconditional' offer: Plaintiff's remaining complaint, or the statute of limitations and procedural and appeal issues related to the Cross-Complaints." They objected that "it could refer to just the claims remaining in Plaintiffs' complaint, or all claims and contentions in the entire action, including the Cross-Complaint and any remaining rights of Defendants/Cross-Complainants in or related to that Cross-Complaint." They asserted that *their* final settlement offer was merely that Auffret would pay $65,000 and Leclair would pay nothing, in exchange for a dismissal of the plaintiffs' claims against them and a reservation of their rights to appeal the adverse rulings on their cross-complaint (including the summary judgment ruling and the denial of their proposed amendments to the cross-complaint).

There was conflicting evidence on this question, and it was resolved against them. In its October 31, 2002 order granting the motion to enforce the settlement, the settlement judge found that the offer they authorized her to make on their behalf did *not* reserve their appellate rights on the cross-complaint and that their declarations to the contrary submitted in opposition to the motion were inaccurate. Relying on her own "clear" recollection of settlement discussions and her "detailed notes," the settlement judge acknowledged there had been an "initial discussion with Defendants and their attorney about their desire to pursue appeals of pretrial rulings" but that "after full and extensive discussion, in the end, to resolve all matters and endeavor to achieve some peace and finality," they authorized her to "extend an offer whereby Mr. Auffret would pay Plaintiffs a specific dollar amount, which the court noted and specifically recalls, without additional conditions." The settlement judge found that she "took pains to explain the offer was to

3

resolve the matter in its entirety, [e.g.,] To include potential appeals or any other reservation of rights."  The settlement judge made a finding that defendants subsequently reaffirmed that offer, "after lengthy discussion about the viability of potential appeals and their expressed hope to bring finality," which she again conveyed to plaintiffs without "additional conditions" and plaintiffs accepted.[1]

On October 31, 2022, the trial court entered a "judgment enforcing settlement agreement pursuant to CCP §664.6," requiring Auffret to pay the law firm $65,000 "in settlement of all claims by and against all parties."  The judgment awarded the law firm the costs it incurred in connection with the motion to enforce the parties' settlement against both defendants Auffret and Leclair (in an amount "TBD").  It also awarded the law firm the costs it incurred "against then-cross-complainant Olivier Auffret to defend against the crossclaims filed by him against them" in an amount "TBD."  (It did not award costs against Leclair in connection with the cross-complaint.)

Leclair and Auffret then filed a motion to tax the law firm's costs, which ultimately led to entry of an amended judgment.  In addition to challenging various items of claimed costs, Leclair argued that no costs should be assessed against her because no judgment had been entered against her, either on the law firm's complaint against her or on the cross-complaint.  The hearing was unreported.  The trial court partially granted the motion to tax costs, ordering both Leclair and Auffret to bear $264 in costs jointly and severally in connection with the settlement motion, and

---

[1] The law firm submitted a declaration corroborating her recollection that the settlement offers she conveyed from Leclair and Auffret proposed settling the entire case, without any conditions.

4

Auffret to bear $12,657 in costs in connection with the cross-complaint. It did not order any other relief.

The court then entered an "amended judgment enforcing settlement agreement pursuant to CCP §664.6," on February 10, 2023, on a form prepared by the law firm's counsel. In addition to inserting the amount of the cost awards, the amended judgment states that it is "based on the settlement of all claims by and against all parties" and explicitly grants judgment against Leclair and Auffret on their cross-complaint "based on" the summary judgment ruling and dismisses the cross-complaint.

Leclair now timely appeals both the October 31, 2022 judgment and the February 10, 2023 amended judgment.[2]

## DISCUSSION

In a lengthy opening brief for which we granted her permission to exceed the page limits, Leclair argues that the trial court erred by not allowing her to file an amended cross-complaint, granting summary judgment against her on her cross-claims, and refusing to allow her to file a "Doe" amendment naming a previously unknown cross-defendant. All of these rulings occurred, however, before the parties entered into a settlement and a judgment enforcing their settlement was entered.

Leclair's opening brief does not discuss any of the proceedings relating to the trial court's order enforcing the settlement agreement, much less assert any error in that ruling.

She in fact adverts to the settlement only briefly, in the factual background of her opening brief. Citing nothing in the record, she asserts that during the bench trial "the matter was referred to a third and fourth

---

[2] Auffret has not appealed.

5

Mandatory Settlement Conference, *which resulted in a settlement with Mr. Auffret only*." (Italics added.) Citing (but not discussing) the resulting order, judgment, and amended judgments, she then asserts "[t]hat settlement was enforced per . . . section 664.6, and Judgment entered against Mr. Auffret on October 31, 2022. [¶] An Amended Judgment awarding costs against Mr. Auffret was later entered, which also dismissed the FACC per the earlier Summary Judgment order. [¶] . . . [¶] . . . The bench trial was never completed, and remains pending. [¶] This case was not finally resolved, and remains open, as to Defendant Leclair."

Her opening brief fails to "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." (Cal. Rules of Court, rule 8.204(a)(2)(B)), a rule violation that is particularly notable given her expressed position about the status of her case. It is well-settled that a judgment that disposes of fewer than all causes of action between the parties is not final and appealable. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743.)

In addition to addressing the merits protectively, the law firm asserts that this appeal is moot because the entire case has been settled.

In her reply brief, Leclair continues to insist that no judgment has yet been entered against her and that the initial judgment entered on October 31, 2022, does not apply to her.[3]

---

[3] She also raises a new argument. She asserts the judgment is invalid to the extent it enforces any settlement with her, because there was none. This argument comes too late. As the law firm asserts, she has forfeited any challenge to the ruling under section 664.6 by failing to brief the issue in her opening brief. (See, e.g., *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295 [on review of judgment entered pursuant to

We thus find ourselves with an order enforcing a settlement agreement, the validity of which is not at issue; a judgment enforcing that settlement agreement reciting that it is in "settlement of all claims by and against all parties"; and an amended judgment enforcing that settlement agreement reciting that it is "based on the settlement of all claims by and against all parties" yet, at the same time, also confusingly enters judgment on the cross-complaint "based on" the summary judgment ruling.

Resolution of the mootness question thus depends on the meaning of these judgments (leaving aside which is the final appealable one, if either). An appellate court " 'cannot grant [a party] any relief by reversing an order for claims that have been settled and compromised' " (*Carachure v. Scott* (2021) 70 Cal.App.5th 16, 33-34), a point Leclair implicitly concedes by making no argument to the contrary. And "[w]hen the parties to a case have settled their underlying dispute, dismissal of the appeal as moot is appropriate because the settlement moots the issues on appeal." (*Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, 1588; accord, *Hensley v. San Diego Gas & Electric Co.* (2017) 7 Cal.App.5th 1337, 1344.)

The parties' briefs are not terribly helpful in sorting out how we are to construe the judgment and amended judgment. They simply advance conflicting interpretations of the two judgments, but with no discussion of applicable legal principles.

The principles, however, are straightforward. " ' "A trial court's judgment and orders, all of them, are presumptively valid . . . ." ' " (*Blumberg v. Minthorne* (2015) 233 Cal.App.4th 1384, 1390.) In interpreting a

[§ 664.6], "we will not address arguments raised for the first time in the reply brief . . . because defendants lacked the opportunity to respond"].)

7

judgment, "we examine the entire record to determine the scope and effect of a judgment and decree and construe the writing as a whole, rather than interpret individual provisions in isolation." (*Dow v. Lassen Irrigation Co.* (2022) 79 Cal.App.5th 308, 326.) This includes consideration of the "context" in which the judgment was entered and "the circumstances of the case." (*Ibid.*; accord, *SLPR, L.L.C. v. San Diego Unified Port District* (2020) 49 Cal.App.5th 284, 299 [" 'If an order [or judgment] is ambiguous, the reviewing court may examine the record for its scope and effect and may look at the circumstances of its making' "].)

Here, examining the record as a whole and the context in which both judgments were entered, we have no trouble concluding that the trial court entered a judgment and an amended judgment pursuant to a settlement that compromised *all* claims by and against Leclair, with no reservation of any right to appeal adverse rulings on Leclair's cross-claims. Leclair litigated the question whether she agreed to a settlement that gave up her right to appeal the adverse rulings on her cross-claims, and she lost that dispute: the settlement judge ruled against her on this issue in its order enforcing the settlement. Further, the subsequently entered October 31, 2022 judgment expressly states that it is entered "in settlement of *all* claims by and against *all* parties," language that broadly encompasses everyone.[4] (Italics added.)

---

[4] We reject the strained assertion in her reply brief that the language "in settlement of all claims by and against all parties" refers only to Auffret and not her. "All parties" means "all" parties, not "some of them." Furthermore, Leclair has waived this argument. She did not argue below that the law firm settled only with Auffret; she asserted merely that the settlement did not extend to the cross-claims. Issues not raised below are forfeited. (See *Mattson Technology, Inc. v. Applied Materials, Inc.* (2023) 96 Cal.App.5th 1149, 1160.)

That sensible, plain language construction is bolstered by the fact the judgment awarded costs against her in connection with the settlement motion. As noted, she has not challenged the validity of that ruling, nor the resulting judgment, in this appeal.

When in connection with the motion to tax costs, Leclair persisted in her insistence no final judgment against her had yet been entered, the record does not reflect that the trial court agreed or ordered the parties to amend the judgment. Rather, for reasons not apparent from the record, and which we can only attribute to belt and suspenders lawyering, plaintiffs' counsel submitted a proposed form of amended judgment, which the trial court signed, that sought to ameliorate any question as to whether a final judgment had been entered by addressing the cross-complaint expressly. To be sure, the amended judgment is not a model of artful drafting, insofar as some of its language read in isolation might support an inference that the court intended to carve out the cross-complaint from the settlement (i.e., by entering an amended judgment *on the merits* based on the summary judgment ruling). But such an interpretation is defied by the entire history of the settlement we have recounted. Furthermore, the trial court was not asked to reconsider and reverse the settlement judge's section 664.6 ruling on this issue, nor did it have the inherent power to do so sua sponte (and sub silentio) by amending the judgment in such a fashion.[5] Accepting the

_____

[5] No motion for reconsideration had been filed by any party (see Code Civ. Proc., § 1008), and on this record the trial court had no inherent power to reconsider the settlement judge's prior ruling. The general rule is that one trial court judge may not reconsider and overrule the interim ruling of another, and this record does not reflect the existence of any of the narrow exceptions to that rule. (See *In re Marriage of Oliverez* (2015) 238 Cal.App.4th 1242, 1246-1249 [error for trial court judge to overrule prior judge's ruling on § 664.6 motion in the absence of prior judge's unavailability,

9

proposition that the trial court did a complete about-face and entered an amended judgment in direct contravention of the settlement judge's prior ruling, and without notice to the parties, would result in an interpretation of the amended judgment that is neither reasonable nor lawful. And that is an interpretation we cannot indulge: when two interpretations of a judgment are possible, the reviewing court must adopt the one that will make the judgment or order " 'lawful, operative, definite, reasonable and capable of being carried into effect' " and avoid an interpretation that " 'would result in absurdity.' " (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 989.)

It is unnecessary to decide which of the two judgments is the final, appealable judgment (i.e., the October 31, 2022 judgment or the February 10, 2023 amended judgment). It suffices to conclude that one of them is, and that Leclair has settled and compromised all claims in this case. The appeal is therefore moot.

## DISPOSITION

The appeal is dismissed. Respondent shall recover their costs.

---

new facts or law, inadvertence, mistake or fraud].) And even if one of the narrow exceptions did apply, the trial court still would have had to give the parties notice and an opportunity to be heard before reconsidering the section 664.6 ruling on its own motion, which it did not do. (See *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1108 [where trial court is considering reconsidering one of its prior interim rulings, "it should inform the parties of this concern, solicit briefing, and hold a hearing"]; *Clark v. First Union Securities, Inc.* (2007) 153 Cal.App.4th 1595, 1608 ["the trial court may, on its own motion reconsider its interim orders, after providing the parties with notice and the opportunity to be heard"].)

10

 

_____

STEWART, P. J.

We concur.

_____

MILLER, J.

_____

DESAUTELS, J.

*Luscutoff Lendormy & Assocs. v. Leclair* (A166950)